**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
                                  (State)

Case number (*If known*): _____ Chapter  7

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1. Debtor's name** | Arnold Transportation Services, Inc. | |
| **2. All other names debtor used In the last 8 years**  Include any assumed names, trade names, and *doing business as* names | N/A | |
| **3. Debtor's federal Employer Identification Number (EIN)** | 2 3 - 1 5 8 2 7 3 7 | |
| **4. Debtor's address** | **Principal place of business** 3375 High Prairie Road Number   Street  Grand Prairie   Texas   75050 City   State   ZIP Code  USA County | **Mailing address, if different from principal place of business** _____ Number   Street  _____ P.O. Box  _____ City   State   ZIP Code  **Location of principal assets, if different from principal place of business** _____ Number   Street  _____  _____ City   State   ZIP Code |
| **5. Debtor's website (URL)** | https://arnoldtrans.com/ | |

| Debtor | Arnold Transportation Services, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**6. Type of debtor**
- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*
- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4 4 1 1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*
- ☑ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11. *Check **all** that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

Debtor  Arnold Transportation Services, Inc.        Case number (*if known*) _____
         Name

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No
☑ Yes.  District  Delaware      When  04/01/2024   Case number  24-10639 (CTG)
                                      MM / DD / YYYY

         District _____    When _____   Case number _____
                                      MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☑ Yes.  Debtor  See Attachment 1         Relationship  Affiliates
         District  Delaware               When  04/01/2024
                                                MM / DD / YYYY
         Case number, if known  See Attachment 1

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number    Street
                          _____
                          _____
                          City                    State ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
       Contact name _____
       Phone _____

**Statistical and administrative information**

| Debtor | Arnold Transportation Services, Inc. | Case number (if known) _____ |
|---|---|---|
| | Name | |

| 13. Debtor's estimation of available funds | Check one:<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |
|---|---|---|---|
| **14. Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☑ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☑ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☑ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/30/2024
MM / DD / YYYY

☐ /s/ Navraj Johal                        Navraj Johal
Signature of authorized representative of debtor    Printed name

Title  Sole Director

| Debtor | Arnold Transportation Services, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**18. Signature of attorney**

/s/ Derek C. Abbott        Date   04/30/2024
Signature of attorney for debtor           MM / DD / YYYY

Derek C. Abbott
Printed name

Morris, Nichols, Arsht & Tunnell LLP
Firm name

1201 North Market Street, P.O. Box 1347
Number     Street

Wilmington                    DE        19899
City                          State     ZIP Code

(302) 351-9357                DAbbott@morrisnichols.com
Contact phone                 Email address

3376                          DE
Bar number                    State

# ATTACHMENT 1 (PETITION ITEM 10)

LIST OF BANKRUPTY CASES OF AFFILIATED ENTITIES

| Debtor Name | District | Chapter | Case No. |
|---|---|---|---|
| Pride Group Holdings Inc. | Delaware | Chapter 15 | 24-10632 (CTG) |
| TPine Truck Rental, Inc. | Delaware | Chapter 15 | 24-10660 (CTG) |
| TPine Leasing Capital Corporation | Delaware | Chapter 15 | 24-10656 (CTG) |
| Pride Truck Sales Ltd. | Delaware | Chapter 15 | 24-10657 (CTG) |
| TPine Rental USA, Inc. | Delaware | Chapter 15 | 24-10658 (CTG) |
| Coastline Holdings, Corp. | Delaware | Chapter 15 | 24-10641 (CTG) |
| Pride Group Logistics Ltd. | Delaware | Chapter 15 | 24-10649 (CTG) |
| 2043002 Ontario Inc. | Delaware | Chapter 15 | 24-10634 (CTG) |
| Pride Fleet Solutions Inc. | Delaware | Chapter 15 | 24-10648 (CTG) |
| Dixie Truck Parts Inc. (Canada) | Delaware | Chapter 15 | 24-10642 (CTG) |
| Dixie Truck Parts Inc. (US) | Delaware | Chapter 15 | 24-10643 (CTG) |
| TPine Financial Services Inc., | Delaware | Chapter 15 | 24-10655 (CTG) |
| TPine Financial Services Corp. | Delaware | Chapter 15 | 24-10653 (CTG) |
| Pride Group Logistics USA, Co. | Delaware | Chapter 15 | 24-10652 (CTG) |
| Pride Fleet Solutions USA Inc. | Delaware | Chapter 15 | 24-10650 (CTG) |
| Pride Group Real Estate Holdings Inc. | Delaware | Chapter 15 | 24-10654 (CTG) |
| Pride Group EV Sales Ltd. | Delaware | Chapter 15 | 24-10651 (CTG) |
| Pride Group Logistics International Ltd. | Delaware | Chapter 15 | 24-10647 (CTG) |
| 2692293 Ontario Ltd. | Delaware | Chapter 15 | 24-10637 (CTG) |
| 1000089137 Ontario Inc. | Delaware | Chapter 15 | 24-10638 (CTG) |
| 2554193 Ontario Inc. | Delaware | Chapter 15 | 24-10635 (CTG) |
| 2554194 Ontario Inc. | Delaware | Chapter 15 | 24-10636 (CTG) |
| Arnold Transportation Services, Inc. | Delaware | Chapter 15 | 24-10639 (CTG) |

| | | | |
|---|---|---|---|
| Parker Transport Co. | Delaware | Chapter 15 | 24-10646 (CTG) |
| Parker Global Enterprises, Inc. | Delaware | Chapter 15 | 24-10645 (CTG) |
| DVP Holdings, Corp. | Delaware | Chapter 15 | 24-10644 (CTG) |
| 102098416 Saskatchewan Ltd. | Delaware | Chapter 15 | 24-10771 (CTG) |
| 11670 Interstate Holding, Corp. | Delaware | Chapter 15 | 24-10782 (CTG) |
| 12944154 Canada Inc. | Delaware | Chapter 15 | 24-10777 (CTG) |
| 131 Industrial Blvd Holding Corp. | Delaware | Chapter 15 | 24-10791 (CTG) |
| 13184633 Canada Inc. | Delaware | Chapter 15 | 24-10780 (CTG) |
| 13761983 Canada Inc. | Delaware | Chapter 15 | 24-10781 (CTG) |
| 13th Street Pompano Beach FL Holding Corp. | Delaware | Chapter 15 | 24-10797 (CTG) |
| 1450 Meyerside Holding Inc. | Delaware | Chapter 15 | 24-10787 (CTG) |
| 162 Route Road Troy Holding Corp. | Delaware | Chapter 15 | 24-10792 (CTG) |
| 177A Street Surrey Holding Inc. | Delaware | Chapter 15 | 24-10793 (CTG) |
| 2029909 Ontario Inc. | Delaware | Chapter 15 | 24-10786 (CTG) |
| 2076401 Ontario Inc. | Delaware | Chapter 15 | 24-10788 (CTG) |
| 2108184 Alberta Ltd. | Delaware | Chapter 15 | 24-10789 (CTG) |
| 2837229 Ontario Inc. | Delaware | Chapter 15 | 24-10774 (CTG) |
| 2863283 Ontario Inc. | Delaware | Chapter 15 | 24-10776 (CTG) |
| 3000 Pitfield Holding Inc. | Delaware | Chapter 15 | 24-10795 (CTG) |
| 30530 Matsqui Abbotsford Holding Inc. | Delaware | Chapter 15 | 24-10784 (CTG) |
| 401 South Meridian OKC Holding Corp. | Delaware | Chapter 15 | 24-10794 (CTG) |
| 52 Street Edmonton Holding Inc. | Delaware | Chapter 15 | 24-10798 (CTG) |
| 59th Ave Phoenix Holding Corp. | Delaware | Chapter 15 | 24-10799 (CTG) |
| 68th Street Saskatoon Holding Inc. | Delaware | Chapter 15 | 24-10800 (CTG) |
| 8201 Hwy 66 Tulsa Holding Corp. | Delaware | Chapter 15 | 24-10796 (CTG) |
| 84 St SE Calgary Holdings Inc. | Delaware | Chapter 15 | 24-10801 (CTG) |

| Entity | Jurisdiction | Chapter | Case Number |
|---|---|---|---|
| 87th Avenue Medley FL Holding Corp. | Delaware | Chapter 15 | 24-10790 (CTG) |
| 933 Helena Holdings Inc. | Delaware | Chapter 15 | 24-10783 (CTG) |
| 963 Sweetwater Holding Corp. | Delaware | Chapter 15 | 24-10785 (CTG) |
| Alexis Investments, LLC | Delaware | Chapter 15 | 24-10773 (CTG) |
| Bishop Road Holding Corp. | Delaware | Chapter 15 | 24-10775 (CTG) |
| Corrington Missouri Holding Corp. | Delaware | Chapter 15 | 24-10778 (CTG) |
| Crescentville Road Cincinnati Holding Corp. | Delaware | Chapter 15 | 24-10779 (CTG) |
| Di Miller Drive Bakersfield Holding Corp. | Delaware | Chapter 15 | 24-10765 (CTG) |
| East Brundage Lane Bakersfield Holding Corp. | Delaware | Chapter 15 | 24-10767 (CTG) |
| Eastgate Missouri Holding Corp. | Delaware | Chapter 15 | 24-10769 (CTG) |
| French Camp Holding Corp. | Delaware | Chapter 15 | 24-10770 (CTG) |
| Frontage Road Holding Corp. | Delaware | Chapter 15 | 24-10772 (CTG) |
| High Prairie Texas Holding Corp. | Delaware | Chapter 15 | 24-10758 (CTG) |
| Highway 46 McFarland Holding Corp. | Delaware | Chapter 15 | 24-10761 (CTG) |
| Loop 820 Fort Worth Holding Corp. | Delaware | Chapter 15 | 24-10763 (CTG) |
| Manheim Road Holding Corp. | Delaware | Chapter 15 | 24-10766 (CTG) |
| Oakmont Drive IN Holding Corp. | Delaware | Chapter 15 | 24-10768 (CTG) |
| Old National Highway Holding Corp. | Delaware | Chapter 15 | 24-10757 (CTG) |
| PGED Holding, Corp. | Delaware | Chapter 15 | 24-10759 (CTG) |
| Terminal Road Holding, Corp. | Delaware | Chapter 15 | 24-10760 (CTG) |
| Ternes Drive Holding Corp. | Delaware | Chapter 15 | 24-10762 (CTG) |
| Valley Boulevard Fontana Holding Corp. | Delaware | Chapter 15 | 24-10764 (CTG) |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) Chapter 7 |
| Arnold Transportation Services, Inc., *et al.*,[1] | ) Case No. 24-[____] (___) |
| Debtors. | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors (collectively, the "Debtors") respectfully represent as follows with respect to the Debtors' corporate ownership:

1. 1000089137 Ontario Inc. owns one hundred percent (100.0%) of the equity interests in Debtor DVP Holdings Corp.

2. DVP Holdings Corp. owns one hundred percent (100.0%) of the equity interests in Debtor Parker Global Enterprises, Inc.

3. Parker Global Enterprises, Inc. owns one hundred percent (100.0%) of the equity interests in Debtors Arnold Transportation Services, Inc. and Parker Transport Co.

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: Arnold Transportation Services, Inc. (2737); DVP Holdings, Corp. (8446); Parker Global Enterprises, Inc. (1227); and Parker Transport Co. (9903). The Debtors' website can be accessed at https://arnoldtrans.com/. The Debtors' service address for the purposes of these chapter 7 cases is 3375 High Prairie Road, Grand Prairie, Texas 75070.

# RESOLUTIONS OF THE SOLE DIRECTOR OF
# DVP HOLDINGS, CORP., PARKER GLOBAL ENTERPRISES, INC., PARKER TRANSPORT CO., AND ARNOLD TRANSPORTATION SERVICES, INC.

(collectively, the "**Companies**" and each, a "**Company**")

**WHEREAS:**

A. The Companies are part of the "Pride Group," an affiliated group of companies that operate in the trucking and logistics space throughout Canada and the United States of America, including the sale, leasing, service, repair, and supply of parts for trucks and trailers and related goods and services (the "**Business**");

B. Following a review of various alternatives available to the Pride Group, and upon receiving the advice of its legal and financial advisors, the sole Director (the "**Sole Director**") of each Company previously determined that it would be in the best interests of the Company to commence:

   (a) proceedings under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the proceedings thereunder, the "**CCAA Proceedings**"); and

   (b) cases (collectively, the "**Chapter 15 Cases**") under chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") seeking, among other things, the recognition of the CCAA Proceedings;

C. On April 3, 2024 and April 17, 2024, the Bankruptcy Court entered orders granting certain provisional relief during the period between the petition date of the Chapter 15 Cases and recognition of the CCAA Proceedings at a recognition hearing before the Bankruptcy Court with respect to the Companies;

D. In connection with ongoing and regular assessment of the financial and operational condition of each Company and each Company's business, including its historical performance, assets and liquidity, pending claims, current and long-term liabilities, and market conditions, the Companies have sought to continue considering and developing their strategic alternatives;

E. After reviewing various alternatives available, and upon receiving the advice of its legal and financial advisors, the Sole Director of each Company has determined that it would also be in the best interests of such Company to initiate a case (collectively, the "**Chapter 7 Cases**") under chapter 7 of the Bankruptcy Code, and to seek to dismiss or withdraw (as applicable) such Company's pending Chapter 15 Cases;

F. The Sole Director of each Company wishes to seek relief from the Bankruptcy Court under chapter 7 of the Bankruptcy Code; and

G. The proposed commencement of the Chapter 7 Cases is the result of extensive consideration by the Sole Director of each of the Companies of the options available to each of the Companies, acting in the best interests of each of the Companies, and the Companies' objective of maximizing the value of the Companies for the benefit of their stakeholders.

**NOW THEREFORE BE IT RESOLVED THAT:**

**I.  Chapter 7 Cases**

1. In the good faith business judgment of the Sole Director of each of the Companies, it is in the best interest of each Company and its respective creditors, employees, stakeholders, and other parties in interest, that each Company files a voluntary petition under chapter 7 of the Bankruptcy Code;

2. Navraj Johal, Randall Benson, or such other person or persons as Navraj Johal or Randall Benson may designate, for and on behalf of each Company (Navraj Johal, Randall Benson, and such other designated persons collectively referred to herein as the "**Authorized Signatories**" and each, an "**Authorized Signatory**"), are hereby authorized to (i) approve any voluntary petitions for relief under chapter 7 of the Bankruptcy Code for and on behalf of each Company; and (ii) approve any such further and ancillary documents that are necessary or desirable in connection with the Chapter 7 Cases for and on behalf of each Company (together, the "**Chapter 7 Materials**");

3. The Companies are authorized to file with the Bankruptcy Court, pursuant to the Bankruptcy Code, final forms of the Chapter 7 Materials for and on behalf of each applicable Company;

4. The Companies are authorized to file any and all schedules, lists, motions, applications, pleadings, and other papers or documents as necessary to commence the Chapter 7 Cases and obtain relief under the Bankruptcy Code, and to take any and all further acts and deeds that the Authorized Signatories deem necessary or proper to obtain such relief, including, without limitation, any action necessary to facilitate the administration of the Chapter 7 Cases and to protect and preserve all documents, records and assets of the Companies pending the appointment of a chapter 7 trustee;

5. The Authorized Signatories are hereby authorized to give statements in connection with, and in support of, any relief sought in the Chapter 7 Cases, including, but not limited to, the Chapter 7 Materials and any other documents filed in connection with the Chapter 7 Cases;

6. The Companies and the Authorized Signatories, as applicable, are hereby authorized to seek the withdrawal or dismissal of the Chapter 15 Cases solely with respect to the Companies;

7. The Authorized Signatories are hereby authorized, empowered, and directed to employ, on behalf of each Company, the law firm of (i) Linklaters LLP and (ii) Morris, Nichols, Arsht & Tunnel LLP to represent each Company as bankruptcy counsel on the terms set forth in its engagement letter with each Company and to represent and assist each Company in preparing and filing the Chapter 7 Materials and related forms, schedules, lists, statements and other papers or documents; and

8. The Authorized Signatories are hereby authorized, empowered, and directed to employ, on behalf of each Company, such other counsel, financial advisors, or other professionals as may be prudent and desirable in connection with the Chapter 7 Cases on such terms and conditions as the Authorized Signatories of each Company shall approve.

**II.  General**

9. The Authorized Signatories, for and on behalf of each Company, are hereby authorized and directed to execute and deliver or sign and file (as the case may be) all such further agreements, amendments, instruments, notices, certificates and other documents and to take all such further actions as the Authorized Signatories may determine to be necessary and appropriate in connection with the transactions contemplated by the foregoing resolutions, the execution of any such

agreement, amendment, instrument, notice, certificate or other document or the taking of any such further actions by the Authorized Signatories being conclusive evidence of such determination;

10. All actions previously taken by any Sole Director or officer of each Company or any Authorized Signatory, for and on behalf of each Company, or by any person at the direction of any Sole Director or officer of each Company or any Authorized Signatory, for and on behalf of each Company, that are within the authority conferred by these resolutions, are hereby ratified and confirmed as authorized actions of each Company; and

11. These resolutions may be executed and delivered in counterparts and may be delivered in original or electronic form, each of which when so executed and delivered will be deemed to be an original and when taken together will constitute one and the same instrument.

*[Remainder of this Page Intentionally Left Blank]*

The undersigned, being the sole director of each of the Companies, hereby consents to and signs the foregoing resolutions.

**DATED** the 30 day of April, 2024.

                                    **DVP HOLDINGS CORP.**
                                    **PARKER GLOBAL ENTERPRISES, INC.**
                                    **PARKER TRANSPORT CO.**
                                    **ARNOLD TRANSPORTATION SERVICES, INC.**

By: _____
            Name: Navraj Johal
            Title: Sole Director

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

_____District Of Delaware_____

**In re**

Arnold Transportation Services, Inc., *et al.*,[1]       Case No. ___24-____(___)___

**Debtor**                                              Chapter ___7_____

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR**

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $___N/A_____

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . $___0[2]_____

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $9,962.50[3]____

2. The source of the compensation paid to me was:

   ☐ Debtor        ☐ Other (specify)

3. The source of compensation to be paid to me is: Pride Group Holdings Inc. or Pride Fleet Solutions USA Inc., non-Debtors in these chapter 7 cases.[4]

   ☐ Debtor        ☒ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: Arnold Transportation Services, Inc. (2737); DVP Holdings, Corp. (8446); Parker Global Enterprises, Inc. (1227); and Parker Transport Co. (9903). The Debtors' website can be accessed at https://arnoldtrans.com/. The Debtors' service address for the purposes of these chapter 7 cases is 3375 High Prairie Road, Grand Prairie, Texas 75070.

[2] This amount excludes amounts received by Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") in connection with the pending chapter 15 cases filed on April 1, 2024 and jointly administered under case caption 24-10632 (CTG) (Bankr. D. Del.) (collectively, the "Chapter 15 Cases").

[3] The entire balance of compensation due to Morris Nichols has not yet been paid but will be paid by an affiliate of the Debtors that is also represented by Morris Nichols in the pending Chapter 15 Cases.

[4] Although Pride Group Holdings Inc. and Pride Fleet Solutions USA Inc. are not Debtors in these chapter 7 cases, they are debtors in the Chapter 15 Cases.

B2030 (Form 2030) (12/15)

   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| __April 30, 2024__ | /s/ Austin T. Park |
|---|---|
| *Date* | Derek C. Abbott |
| | Andrew R. Remming |
| | Austin T. Park |

Morris, Nichols, Arsht & Tunnell LLP
Derek C. Abbott (#3376)
Andrew R. Remming (#5120)
Austin T. Park (#7247)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile:(302) 658-3989
dabbott@morrisnichols.com
aremming@morrisnichols.com
apark@morrisnichols.com

- and -

Linklaters LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
penelope.jensen@linklaters.com
christopher.hunker @linklaters.com
clark.xue@linklaters.com

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

_____District Of Delaware_____

**In re**

Arnold Transportation Services, Inc., *et al.*,[1]            Case No. ___24-____(___)___

**Debtor**            Chapter ___7___

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR**

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $___N/A_____

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . $___0[2]_____

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $___74,596.80[3]___

2. The source of the compensation paid to me was:

   ☐ Debtor      ☐ Other (specify)

3. The source of compensation to be paid to me is: Pride Group Holdings Inc. or Pride Fleet Solutions USA Inc., non-Debtors in these chapter 7 cases.[4]

   ☐ Debtor      ☒ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: Arnold Transportation Services, Inc. (2737); DVP Holdings, Corp. (8446); Parker Global Enterprises, Inc. (1227); and Parker Transport Co. (9903). The Debtors' website can be accessed at https://arnoldtrans.com/. The Debtors' service address for the purposes of these chapter 7 cases is 3375 High Prairie Road, Grand Prairie, Texas 75070.

[2] This amount excludes amounts received by Linklaters in connection with the pending chapter 15 cases filed on April 1, 2024 and jointly administered under case caption 24-10632 (CTG) (Bankr. D. Del.) (collectively, the "Chapter 15 Cases").

[3] The entire balance of compensation due to Linklaters has not yet been paid but will be paid by an affiliate of the Debtors that is also represented by Linklaters in the pending Chapter 15 Cases.

[4] Although Pride Group Holdings Inc. and Pride Fleet Solutions USA Inc. are not Debtors in these chapter 7 cases, they are debtors in the Chapter 15 Cases.

B2030 (Form 2030) (12/15)

    d.    Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e.    [Other provisions as needed]

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
|   April 30, 2024   | /s/ Christopher J. Hunker |
| *Date* | Penelope J. Jensen |
| | Christopher J. Hunker |
| | Clark L. Xue |

Linklaters LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
penelope.jensen@linklaters.com
christopher.hunker @linklaters.com
clark.xue@linklaters.com

- and -

Morris, Nichols, Arsht & Tunnell LLP
Derek C. Abbott (#3376)
Andrew R. Remming (#5120)
Austin T. Park (#7247)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@morrisnichols.com
aremming@morrisnichols.com
apark@morrisnichols.com