## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Arnold Transportation Services, Inc., | ) | Case No. 24-10928 (CTG) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 7 |
| | ) | |
| DVP Holdings Corp., | ) | Case No. 24-10931 (CTG) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 7 |
| | ) | |
| Parker Global Enterprises, Inc., | ) | Case No. 24-10929 (CTG) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 7 |
| | ) | |
| Parker Transport Co., | ) | Case No. 24-10930 (CTG) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## STATEMENT OF FINANCIAL AFFAIRS FOR
## <u>ARNOLD TRANSPORTATION SERVICES, INC. (CASE NO. 24-10928)</u>

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES OF ASSETS AND STATEMENTS OF FINANCIAL AFFAIRS

Arnold Transportation Services, Inc. and its debtor affiliates, as debtors in the above-captioned cases (collectively, the "Debtors"), with the assistance of their advisors, prepared their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") and hereby file such Schedules and Statements with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

These global notes and statements of limitations, methodology, and disclaimer regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to particular Schedules and Statements (the "Specific Notes" and, together with the Global Notes, the "Notes"). These Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Debtors prepared the Schedules and Statements with the assistance of their advisors and professionals and have relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and professionals. Navraj Johal, director and duly authorized and designated representative of each of the Debtors (the "Authorized Representative"), who has executed the Schedules and Statements of the Debtors, has necessarily relied upon the prior efforts, statements, and representations of employees and professionals of the Debtors and has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses. Moreover, in preparing the Schedules and Statements, the Debtors relied upon financial data derived from their books and records that were available at the time of such preparation.

While the Debtors have made reasonable efforts under the circumstances to ensure that the Schedules and Statements are accurate and complete based upon information that was available to them at the time of preparation, inadvertent errors or omissions may exist. Moreover, because the Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that the Schedules and Statements are complete or accurate.

The Debtors and their past or present directors, officers, employees, attorneys, professionals, and agents (including, but not limited to, the Authorized Representative), do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. The Debtors and their past or present officers, employees, attorneys, professionals, and agents (including, but not limited to, the Authorized Representative) expressly do not undertake any

obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their past or present officers, employees, attorneys, professionals and/or agents (including, but not limited to, the Authorized Representative) be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of any potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused arising from or related to any information provided herein or omitted herein.

The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, identity of Debtor, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any Debtor's rights or an admission with respect to the Chapter 7 Cases (as defined below), including, but not limited to, liability for any claims, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtors or their affiliates.**

1.      General Comments.

(a)      Description of the Chapter 7 Cases. On April 30, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief with the United States Bankruptcy Court for the District of Delaware under Chapter 7 of the Bankruptcy Code (collectively, the "Chapter 7 Cases").

(b)      Basis of Presentation. For financial reporting purposes, the Debtors and certain of their affiliates have historically prepared consolidated financial statements, which include financial information for the Debtors and certain non-Debtor affiliates. The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of the Debtors on stand-alone, unconsolidated bases. These Schedules and Statements neither purport to represent financial statements prepared in accordance with generally accepted accounting principles in the United States of America as in effect from time to time ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtors.

The Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the applicable Debtor entity. However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes, rather than reporting by individual legal entity, it is

possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the valuation of certain assets and the valuation and nature of certain liabilities, a Debtor may report more assets than liabilities. Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time before or after the Petition Date. Likewise, a Debtor reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent on the Petition Date or any time prior to or after the Petition Date.

(c)     Reporting Date. The reported asset values in Schedules A and B reflect the Debtors' asset values as of December 31, 2023 (the "Reporting Date"). In some instances, the Debtors have used estimates or pro-rated amounts where actual data as of the aforementioned dates was not available. The Debtors have made reasonable efforts to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the prepetition and postpetition periods and amend the Schedules and Statements accordingly.

(d)     Current Values. Other than estimated bank cash balances, and unless otherwise noted, the assets and liabilities of each Debtor are listed on the basis of the book value of the asset or liability in the respective Debtor's accounting books and records.

(e)     Excluded Assets and Liabilities. The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, accrued accounts payable, right-to-use assets, and related lease liability as well as capitalized freight. In addition, certain immaterial assets and liabilities may have been excluded.

(f)     Intercompany Balances. The Debtors have excluded certain intercompany payables and receivables from the Schedules and Statements.

(g)     Accuracy. Although the Debtors have made reasonable efforts under the circumstances to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared. The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws or for any evaluations of the Debtors based on this financial information or any other information. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements as is necessary or appropriate.

(h)  Net Book Value of Assets. In many instances, current market valuations are not maintained by or readily available to the Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets. As such, wherever possible, unless otherwise indicated, net book values are presented as of the Reporting Date. When necessary, the Debtors have indicated that the value of certain assets is "unknown" or "undetermined." Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements.

(i)  Currency. All amounts shown in the Schedules and Statements are in U.S. Dollars.

(j)  Totals. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined." If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals. Where a claim or other amount is marked as "unliquidated," but the Debtors also report a dollar value, such dollar value may indicate only the known or determined amount of such claim or amount, the balance of which is unliquidated.

(k)  Causes of Action. Despite reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of Chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have. Neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

(l)  Confidentiality. There may be instances within the Schedules and Statements where names, addresses or amounts have been left blank. Due to the nature of an agreement between the Debtors and the third party, concerns of confidentiality or concerns for the privacy of an individual, the Debtors may have deemed it appropriate and necessary to avoid listing such names, addresses and amounts. To the extent that certain addresses are withheld, the Debtors will make such addresses available upon request.

(m)    Global Notes Control. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

(n)    Reservation of Rights. Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights with respect to the Chapter 7 Cases, including, but not limited to, the following:

(i)    Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts. Further, the claims of individual creditors are listed as the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors or setoffs applied by such creditors against amounts due by such creditors to the Debtors with respect to other transactions between them. The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on their Schedules as to amount, liability, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

(ii)    Notwithstanding that the Debtors have made reasonable efforts under the circumstances to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

(iii)    The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

(iv)    The listing of a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules accordingly.

(v)    The listing of a claim on Schedule D as "secured" or on Schedule E/F as "priority unsecured," or the listing of a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection, or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in any order by the Bankruptcy Court that is or becomes final, the Debtors reserve all rights to dispute and challenge the

secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

(vi)    In the ordinary course of their business, the Debtors lease property from certain third-party lessors for use in the daily operation of their businesses. Any such leases are set forth on Schedule G, and any current amounts due under such leases that were outstanding as of the Petition Date are listed on Schedule E/F. Nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any such issues, including, the recharacterization thereof. The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and leases listed on the Schedules and Statements, including, but not limited to, the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

(vii)    Listing a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Schedules and Statements does not constitute an executory contract within the meaning of Bankruptcy Code section 365, as well as the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of Bankruptcy Code section 365.

(viii)    The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including but not limited to, the right to assert claims objections and/or setoffs with respect to the same.

(ix)    Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(x)    The Debtors' businesses are part of a complex enterprise. Although the Debtors have made reasonable efforts under the circumstances to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions. The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases set forth on the

Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

2.     Specific Disclosures with Respect to the Debtor's Schedules.

(a)     Schedule A/B Assets – Real and Personal Property. Real and personal property is scheduled at the value that the Debtors carried on their books as of the Reporting Date.

(i)     Part 11, Questions 74 and 75 – Causes of Action Against Third Parties and Other Contingent and Unliquidated Claims or Causes of Action of Every Nature. The Debtors may be party to pending litigation in which a Debtor has asserted, or may assert, claims as a plaintiff or counterclaims and/or cross-claims as a defendant. The Debtors have listed on Schedule A/B, Part 11, Questions 74 and 75 the claims that they know of, but because some of such claims are unknown to the Debtors and not quantifiable as of the Petition Date, all of such claims may not be listed in response to these questions.

(b)     Schedule D – Creditors Who Have Claims Secured by Property. Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

The claims listed on Schedule D, as well as the guarantees of those claims listed on Schedule H, arose and were incurred on various dates. A determination of the date on which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim.

In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to a claim. No claim set forth on the Schedule D is intended to acknowledge claims of creditors that are otherwise satisfied or discharged.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents or other instruments creating the purported lien is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.

(c)     Schedule E/F – Creditors Who Have Unsecured Claims. The claims listed on Schedules E/F arose and were incurred on various dates. A determination of the date

upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, no such dates are included for each claim listed on Schedules E/F. In addition, the Debtors reserve their rights to dispute or challenge any priority asserted with respect to any liabilities listed on Schedule E/F.

      (i)    <u>Part 1 – Creditors with Priority Unsecured Claims</u>. The Debtors have used their best efforts to list the applicable subsection of section 507(a) of the Bankruptcy Code on Part 1 of Schedule E/F identifying the basis of the priority of the unsecured claim. To the extent the Debtors have identified the incorrect subsection of section 507(a), the Debtors reserve the right to amend. The inclusion of any claim on Part 1 does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507.

      Certain claims of state and local taxing authorities set forth in Schedule E/F, which a Debtor has designated as contingent, disputed, or unliquidated, ultimately may be deemed to be secured claims pursuant to state or local laws. Certain claims owing to various taxing authorities to which the Debtors may be liable may be subject to ongoing audits. The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority, and the listing of any claim on Schedule E/F does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

      (ii)    <u>Part 2 – Creditors with Nonpriority Unsecured Claims</u>. The Debtors have used commercially reasonable efforts to report all general nonpriority unsecured claims against the Debtors on Part 2 of Schedule E/F based upon the Debtors' existing books and records as of the Petition Date. The Debtors reserve all of their rights with respect to any such claims including the right to assert objections and/or setoffs or recoupments with respect to same for any credits and/or allowances. Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

      Part 2 contains information regarding threatened, pending, and settled litigation involving the Debtors. To the extent that litigation involving the Debtors has been identified, such information is included on the Debtors' Schedule E/F. Unknown amounts for potential claims are listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules.

      The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent there was an amount outstanding as of the Petition Date, the applicable creditor has been included on Schedule F of the appliable Debtor.

The Debtors have used their best efforts to include the relevant information concerning the parties entitled to receive notice of the claims listed on Schedule E/F. To the extent the Debtors inadvertently omitted a notice party or provided incorrect information, the Debtors reserve the right to amend.

(d)     Schedule G – Executory Contracts and Unexpired Leases. Although the Debtors have made reasonable efforts under the circumstances to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related or a creditor's claim, and (iii) amend or supplement such Schedule as necessary. Furthermore, the Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on these Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that it is valid or enforceable.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements that may not be listed therein. Certain contracts and leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have been scheduled to the best of the Debtors' knowledge.

(e)     Schedule H – Codebtors. For purposes of Schedule H, the parties that are either the principal obligors or guarantors under the Debtors' prepetition debt facilities are listed as co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend Schedule H to the extent or in the event that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable. No claim set forth on the Schedules and Statements of the Debtors is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by non-Debtors.

In the ordinary course of business, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties. Because all such claims are contingent, disputed or unliquidated, and are listed elsewhere in the Schedules of each applicable Debtor, such claims have not been set forth individually on Schedule H. Litigation matters can be found on the Debtors' Schedule F and Part 3 of the Statements.

3.      Specific Disclosures with Respect to the Debtor's Statements.

(a)      Part 1 – Income. Each Debtor has listed its gross revenues from its business operations in Question 1 and its gross revenues from all other sources in Question 2. In each question, the revenues are listed separately for the Debtors' current fiscal year to the Petition Date and the two previous fiscal years.

(b)      Part 2, Question 3 – Certain Payments or Transfers to Creditors within 90 Days before the Petition Date. The response to Question 3 reflects payments to a creditor by payment date as opposed to cleared date as it appears in the Debtor's payment register. It does not reflect any subsequent stop payment or void information.

(c)      Part 2, Question 4 – Payment or Transfers to Insiders within One Year of the Petition Date. The Bankruptcy Code (section 101(31)) defines "insiders," and the Debtors have taken reasonable efforts to list payments to "insiders" as the term is defined in the Bankruptcy Code. This list is for informational purposes only and the Debtors take no position at this time as to actual insider status of any of the listed individuals or entities.

(d)      Part 3, Question 7 – Legal Actions, Administrative Proceedings, Court Actions, Executions, Attachments, or Governmental Audits and Question 8 – Assignments and Receiverships. Information provided in Question 3 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum. In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtors have identified such matters on Schedule E/F. Additionally, any information contained in Part 3 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein. While the Debtors made reasonable efforts under the circumstances to complete Statement 7, it is possible that certain suits and proceedings may have been inadvertently excluded in the Debtors' responses to Statement 7. The Debtors reserve all of their rights to amend or supplement their responses to Statement 7.

(e)      Part 4, Question 9 – Gifts and Charitable Contributions. To the extent information regarding gifts and charitable contributions is available, the Debtors have included it in Part 4. In the ordinary course of business, the Debtors make certain immaterial gifts and/or charitable contributions which are neither recorded at the corporate level nor separately classified for tax purposes. The Debtors' Schedules and Statements do not include information regarding such amounts.

(f)      Part 5, Question 10 – Losses. The Debtors occasionally incur losses for a variety of reasons. The Debtors, however, may not have records of all such losses, including to the extent such losses do not have a material impact on the Debtors' business or are not reported for insurance purposes.

(g)      Part 6, Question 11 – Payments Related to Bankruptcy. The Debtors have disclosed all payments made within one year before the Petition Date to an attorney and

other entities that the Debtors consulted (i) for advice regarding debt consolidation, restructuring or bankruptcy relief or (ii) to file a bankruptcy case.

(h)      Part 7, Question 14 – Previous Locations. The Debtors have listed all locations at which they have operated or which they otherwise used during the three years before the Petition Date.

(i)      Part 9, Question 16 – Personally Identifiable Information. Subject to the Debtors' privacy policy, in the ordinary course of business, the Debtors collect and retain certain personally identifiable information of their customers, including, but not limited to, names, addresses, email addresses, and certain payment information. Such information is subject to the Debtors' privacy policy.

(j)      Part 12, Questions 22 to 23 – Environmental Information. The Debtors have conducted a thorough review of prepetition environmental matters. Accordingly, the Debtors have provided the environmental information to the best of their ability based on information compiled as of the Petition Date.

(k)      Part 13, Question 25 – Other Businesses in which the Debtors have or had an Interest. The Debtors have reviewed their records to identify all businesses in which the Debtors had or have any ownership or controlling interest for the six years before and including the Petition Date.

(l)      Part 13, Question 26a – Books, Records and Financial Statements. The Debtors have listed those individuals and/or firms that have been identified as having the primary responsibility to maintain or supervise the keeping of the Debtors' books and records. Notwithstanding this listing, additional parties not listed may have had access to the Debtors' books and records including individuals listed in response to Question 26b and 26c.

(m)      Part 13, Question 26d – Financial Statements. The Debtors have provided financial statements in the ordinary course of their business to numerous financial institutions, creditors and other parties within two years immediately before the Petition Date. Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have disclosed to the best of their ability the parties that may have received financial statements for the purposes of Question 26d. In addition, the Debtors may have shared certain financial information with parties that are not individually disclosed herein due to confidentiality restrictions.

(n)      Part 13, Question 27 – Inventories. Inventories are valued at cost, which are charged to operations as consumed or sold. Additionally, all inventories and plant and equipment are presented without consideration of any statutory or consensual liens. The Debtors set forth the value of certain high-value inventories in response to Question 27. Further, the Debtors also maintain supplies that are not subject to a physical inventory on a regular basis. Instead, perpetual inventories are maintained. It would have been

prohibitively time-consuming, unduly burdensome, and an inefficient use of estate resources for the Debtors to compile this information prior to the Petition Date.

(o)     <u>Part 13, Questions 27 to 28 – Current and Former Officers and Directors and Other Persons in Control of the Debtors</u>. The Debtors have reviewed their records to identify their current and former (within one year before the Petition Date) officers, directors, managing members, general partners, members in control or controlling shareholders who controlled the Debtors in some respect.

(p)     <u>Part 13, Question 30 – Payments, Distributions or Withdrawals Credited or Given to Insiders</u>. Unless otherwise indicated in the Debtors' specific responses to Question 30, the Debtors have included a comprehensive response to Question 30 in Question 4.

*** END OF GLOBAL NOTES ***

Fill in this information to identify the case:

Debtor name   Arnold Transportation Services

United States Bankruptcy Court for the: _____   District of _Delaware_____
                                                                            (State)

Case number (If known):    ____24-10928_____

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/22

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |
| --- | --- |

1. **Gross revenue from business**

   ☐ None

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   | --- | --- | --- |
   | **From the beginning of the fiscal year to filing date:** From 01/01/2023 to 12/31/2023<br>MM / DD / YYYY   MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $54,139,390 |
   | **For prior year:** From 01/01/2022 to 12/31/2022<br>MM / DD / YYYY   MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $62,581,411 |
   | **For the year before that:** From 01/01/2021 to 12/31/2021<br>MM / DD / YYYY   MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $83,079,868 |

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☑ None

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   | --- | --- | --- |
   | **From the beginning of the fiscal year to filing date:** From _____ to Filing date<br>MM / DD / YYYY | _____ | $_____ |
   | **For prior year:** From _____ to _____<br>MM / DD / YYYY   MM / DD / YYYY | _____ | $_____ |
   | **For the year before that:** From _____ to _____<br>MM / DD / YYYY   MM / DD / YYYY | _____ | $_____ |

## Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

**3.**   **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| **3.1.** <br> _____<br>Creditor's name<br><br>_____<br>Street<br><br>_____<br>City   State   ZIP Code | _____<br><br>_____<br><br>_____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| **3.2.** <br> _____<br>Creditor's name<br><br>_____<br>Street<br><br>_____<br>City   State   ZIP Code | _____<br><br>_____<br><br>_____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

**4.**   **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| **4.1.** <br> _____<br>Insider's name<br><br>_____<br>Street<br><br>_____<br>City   State   ZIP Code<br><br>**Relationship to debtor**<br>_____ | _____<br><br>_____<br><br>_____ | $_____ | _____<br><br>_____<br><br>_____ |
| **4.2.** <br> _____<br>Insider's name<br><br>_____<br>Street<br><br>_____<br>City   State   ZIP Code<br><br>**Relationship to debtor**<br>_____ | | $_____ | _____<br><br>_____<br><br>_____ |

Debtor    Arnold Transportation Services    Case number (if known)    24-10928
Name

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. | | | $ |
| Creditor's name | | | |
| Street | | | |
| City          State          ZIP Code | | | |
| 5.2. | | | $ |
| Creditor's name | | | |
| Street | | | |
| City          State          ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's name | | | $ |
| Street | | | |
| City          State          ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | |

## Part 3:  Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. | | Name | ☐ Pending |
| Case number | | Street | ☐ On appeal |
| | | City          State          ZIP Code | ☐ Concluded |
| Case title | | Court or agency's name and address | ☐ Pending |
| 7.2. | | Name | ☐ On appeal |
| Case number | | Street | ☐ Concluded |
| | | City          State          ZIP Code | |

## 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | _____ | $_____ |
| Custodian's name | **Case title** | **Court name and address** |
| Street | _____ | |
| | | Name |
| City          State      ZIP Code | **Case number** | Street |
| | | City        State        ZIP Code |
| | **Date of order or assignment** | |
| | _____ | |

---

# Part 4: Certain Gifts and Charitable Contributions

## 9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| **9.1.** Recipient's name | _____ | _____ | $_____ |
| Street | _____ | | |
| City          State      ZIP Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |
| **9.2.** Recipient's name | _____ | _____ | $_____ |
| Street | _____ | | |
| City          State      ZIP Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |

---

# Part 5: Certain Losses

## 10. All losses from fire, theft, or other casualty within 1 year before filing this case.

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| _____ | _____ | _____ | $_____ |
| _____ | | | |

| Part 6: | Certain Payments or Transfers |

### 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

11.1. _____    _____    _____    $_____

**Address**
_____
Street
_____
_____
City          State     ZIP Code

**Email or website address**
_____

**Who made the payment, if not debtor?**
_____

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

11.2. _____    _____    _____    $_____

**Address**
_____
Street
_____
_____
City          State     ZIP Code

**Email or website address**
_____

**Who made the payment, if not debtor?**
_____

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

_____    _____    _____    $_____

**Trustee**
_____    _____

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

13.1. _____    _____    _____    $_____

**Address**    _____

Street _____

City _____ State ____ ZIP Code ____

**Relationship to debtor**

_____


| Who received transfer? | | | $_____ |
|---|---|---|---|

13.2. _____    _____    _____    $_____

**Address**

Street _____

City _____ State ____ ZIP Code ____

**Relationship to debtor**

_____

---

## Part 7:  Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
|---|---|

14.1. _____    From _____   To _____
Street

_____
City _____ State ____ ZIP Code ____

14.2. _____    From _____   To _____
Street

_____
City _____ State ____ ZIP Code ____

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankrupcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.1. | _____ <br> Facility name <br><br> _____ <br> Street | _____ <br> _____ <br><br> **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** <br><br> *Check all that apply:* |
| | _____ <br> City   State   ZIP Code | _____ <br> _____ | ☐ Electronically <br> ☐ Paper |

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.2. | _____ <br> Facility name <br><br> _____ <br> Street | _____ <br> _____ <br><br> **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** <br><br> *Check all that apply:* |
| | _____ <br> City   State   ZIP Code | _____ <br> _____ | ☐ Electronically <br> ☐ Paper |

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

     Does the debtor have a privacy policy about that information?

     ☐ No

     ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

     Yes. Does the debtor serve as plan administrator?

     ☑ No. Go to Part 10.

     ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

     Has the plan been terminated?

     ☐ No

     ☐ Yes

## Part 10:  Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1. _____<br>Name _____<br>Street _____<br>_____<br>City    State    ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |
| 18.2. _____<br>Name _____<br>Street _____<br>_____<br>City    State    ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Name _____<br>Street _____<br>_____<br>City    State    ZIP Code | _____<br>_____<br>_____<br><br>Address<br>_____<br>_____ | _____<br>_____<br>_____ | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Name _____<br>Street _____<br>_____<br>City    State    ZIP Code | _____<br>_____<br>_____<br><br>Address<br>_____ | _____<br>_____<br>_____ | ☐ No<br>☐ Yes |

## Part 11:  Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| Name | | | |
| Street | | | |
| | | | |
| City          State          ZIP Code | | | |

## Part 12:  Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| Case number | Name | | ☐ On appeal |
| | Street | | ☐ Concluded |
| | | | |
| | City          State          ZIP Code | | |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | _____ |
| Name | Name | | |
| Street | Street | | |
| | | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | _____ | _____ |
| Street | Street | _____ | |
| City          State          ZIP Code | City          State          ZIP Code | _____ | |

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | Name _____ <br> Street _____ <br> City          State          ZIP Code | _____ <br> _____ <br> _____ | EIN: __ __ – __ __ __ __ __ __ __ <br> **Dates business existed** <br><br> From _____    To _____ |
| 25.2. | Name _____ <br> Street _____ <br> City          State          ZIP Code | _____ <br> _____ <br> _____ | EIN: __ __ – __ __ __ __ __ __ __ <br> **Dates business existed** <br><br> From _____    To _____ |
| 25.3. | Name _____ <br> Street _____ <br> City          State          ZIP Code | _____ <br> _____ <br> _____ | EIN: __ __ – __ __ __ __ __ __ __ <br> **Dates business existed** <br><br> From _____    To _____ |

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| **26a.1.** Monika Bansal<br>Name<br><br>Street<br><br>City            State            ZIP Code | From April 2021     To  December 2023 |
| **26a.2.** <br>Name<br><br>Street<br><br>City            State            ZIP Code | From _____     To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

| Name and address | Dates of service |
|---|---|
| **26b.1.** <br>Name<br><br>Street<br><br>City            State            ZIP Code | From _____     To _____ |
| **26b.2.** <br>Name<br><br>Street<br><br>City            State            ZIP Code | From _____     To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☑ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| **26c.1.** <br>Name<br><br>Street<br><br>City            State            ZIP Code | <br><br> |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. | |
| Name | |
| Street | |
| City     State     ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| 26d.1. |
| Name |
| Street |
| City     State     ZIP Code |

| Name and address |
|---|
| 26d.2. |
| Name |
| Street |
| City     State     ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. |
| Name |
| Street |
| City     State     ZIP Code |

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $ _____ |

| Name and address of the person who has possession of inventory records |
|---|

27.2.  _____

Name

_____

Street

_____

City                                        State        ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Navraj Johal | 3375 High Prairie Rd, Grand Prairie, TX, USA 75050 | Director | |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. | _____ | _____ | _____ |
| _____ | | | |
| Name | | | |
| _____ | | _____ | |
| Street | | | |
| _____ | | _____ | |
| City                State      ZIP Code | | | |
| **Relationship to debtor** | | _____ | |
| _____ | | _____ | |

| Name and address of recipient | | | |
|---|---|---|---|

30.2

Name _____    _____

Street _____    _____

_____

City _____ State _____ ZIP Code    _____

**Relationship to debtor**    _____

_____

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Parker Global Enterprises, Inc. | EIN: _4_ _3_ – _1_ _3_ _6_ _1_ _2_ _2_ _7_ |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: __ __ – __ __ __ __ __ __ __ |

## Part 14:    Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    05/01/2024

✖ ___/s/ Navraj Johal___    Printed name    ___Navraj Johal___
Signature of individual signing on behalf of the debtor

Position or relationship to debtor    ___Sole Director___

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☑ No
☐ Yes